**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **ZENITH-AMERICAN SOLUTIONS, INC.)** | |
| **as the Administrator of the )** | |
| **Laborers' National Health and )** | |
| **Welfare Fund )** | |
| **10440 Little Patuxent Parkway, )** | |
| **Ste. 700 )** | |
| **Columbia, Maryland 21044 )** | |
| **)** | **Civil Action No. 14-1955** |
| **Plaintiffs, )** | |
| **vs. )** | |
| **)** | |
| **RYKOR CONCRETE & CIVIL, INC. )** | |
| **6 Shire Drive )** | **COMPLAINT** |
| **Norfolk, Massachusetts 02056 )** | |
| **)** | |
| **and )** | |
| **)** | |
| **JOHN C. KELLY )** | |
| **6 Shire Drive )** | |
| **Norfolk, Massachusetts 02056 )** | |
| **)** | |
| **Defendants. )** | |
| **_____)** | |

Plaintiffs, by and through their undersigned attorney, and for their causes of

action against Defendants, complain and allege as follows:

**NATURE OF THE ACTION AND JURISDICTION**

1.      This is a civil action brought pursuant to Sections 502(a)(2), 502 (a)(3) and

515 of the Employee Retirement Income Security Act, as amended (ERISA), 29 U.S.C.

§§1132 (a)(3) and 1145, by the administrator of the Laborers' National Health and

Welfare Fund (the "Health Fund"), a health insurance trust fund, to secure performance

by a contributing employer (Rykor Concrete & Civil, Inc.) and its owner and President (John C. Kelly) of specific statutory and contractual obligations to pay contributions to the Health Fund on behalf of certain employees of Rykor Concrete & Civil, Inc., to pay interest on delinquent contributions, to pay collection costs, and to submit contribution reports.  The action further seeks to remedy breaches of fiduciary duties and prohibited transactions by Defendant Kelly with respect to the contributions owed to the Health Fund.

2.      Jurisdiction is conferred on this court under the following statutes:

(a)     ERISA Sections 502(e)(1), (f), 29 U.S.C. §§1132(e)(1), (f);

(b)     28 U.S.C. §1331 (federal question); and

(c)     29 U.S.C. §1337 (civil action arising under act of Congress regulating commerce).

3.      Venue properly lies in the district for the District of Columbia pursuant to Section 502(e) of ERISA, 29 U.S.C. §1132(e).  Plaintiff Zenith-American Solutions, Inc. ("Zenith") brings this action on behalf of the Health Fund.  The substantial administration of the Health Fund takes place in the District of Columbia.

4.      Under ERISA Section 502(e), 29 U.S.C. §1132(e), Defendants may be served in any federal district in which it/he resides or may be found so as to subject Defendants to the personal jurisdiction of this Court.

**IDENTIFICATION OF THE PARTIES**

5.      Plaintiff Zenith is the administrator of the Health Fund for purposes of collecting employer contributions.  As such, it is a fiduciary with respect to the Health Fund within the meaning of Sections 3(21) and 502 of ERISA (29 U.S.C. §§1002(21)

and 1132).  It brings this action in its fiduciary capacity on behalf of and for the benefit of the Health Fund.

6.      The Health Fund is a joint labor-management trust fund established and maintained pursuant to an Agreement and Declaration of Trust and various collective bargaining agreements in accordance with Section 302(c)(5) of the Taft-Hartley Act (29 U.S.C. §186(c)(5)) to provide health care and related benefits to eligible employees on whose behalf employers contribute pursuant to collective bargaining agreements with Laborers' International Union of North America (LIUNA), or with Local Unions or District Councils affiliated with LIUNA.  The Health Fund is an employee welfare benefit plan and an employee benefit plan within the meaning of Sections 3(2) and (3) and 502(d)(1) of ERISA (29 U.S.C. §§ 1002 (2) and (3) and 1132(d)(1)), and is a multiemployer plan within the meaning of Sections 3(37) and 515 of ERISA (29 U.S.C. §§1002(37) and 1145).  As such, the Health Fund is authorized to maintain suit as an independent legal entity under ERISA Section 502 (d) (1) (29 U.S.C. § 1132 (d) (1) ).

7.      Defendant Rykor Concrete & Civil, Inc. ("Rykor") is a for-profit business corporation whose business includes building and construction services.  Rykor's primary office is located at 6 Shire Drive, Norfolk, Massachusetts 02056.  Rykor is an employer within the meaning of Sections 3(5) and 515 of ERISA (29 U.S.C. §§1002(5) and 1145).

8.      Defendant John C. Kelly is the owner and President of Rykor.  As such, he has and exercises discretionary control over payment or nonpayment of Rykor's financial obligations.  Defendant John C. Kelly is a fiduciary with respect to the Health Fund within the meaning of Section 3(21) of ERISA (29 U.S.C. §§1002(21) inasmuch he

-4-

has and exercises discretionary authority over plan assets, including the contributions

owed to the plans.  He is also an employer within the meaning of Sections 3(5) and 515

of ERISA (29 U.S.C. §§1002(5) and 1145).

## FIRST CAUSE OF ACTION
### (Delinquent Health Fund Contributions)

9.      At all times material to this action, Rykor has been party to and

contractually bound by a collective bargaining agreement ("Memorandum of Agreement"

or "MOU") with various affiliates of the Laborers' International Union of North America,

including the Rhode Island Laborers' District Council and the Massachusetts & Northern

New England Laborers' District Council, that set terms and conditions of employment for

Rykor employees effective November 1, 2011.  Defendant John C. Kelly signed the

MOU on behalf of Rykor as its President.

10.      Among other provisions, the MOU required Rykor to make periodic

contributions to the Health Fund for Rykor employees covered by the MOU at a certain

rate for each hour for which each employee received pay.  These contributions are

necessary to fund health benefits payable by the Health Fund.

11.      The MOU set the contribution rate at $3.55 per hour.

12.      The contributions are owed to the Health Fund on a monthly basis.

 Specifically, contributions owed for employee hours during any given month were due

by the 20th day of the following month, along with contributions reports documenting the

contributions owed and being paid.

13.      The Health Fund's Trust Agreement (Article VI, Section 6.04) provides, in

pertinent part, as follows:

DEFAULT IN PAYMENT: . . . In addition to any other remedies to which the Fund or the Board is entitled, any Employer which fails to pay contributions or other payments owed shall be liable to the Fund for interest at the rate of one-and-one-half percent (1 ½%) per month compounded from the due date through the date of payment, as well as for all expenses of collection incurred by the Fund, including attorneys' fees and court costs.  The Board is empowered to institute proceedings in law or equity, and to take any other action, to collect Contributions and all other payments due.  If legal proceedings are initiated against an Employer in default, the Employer shall also be liable to the Fund for liquidated damages in an amount equal to twenty percent (20%) of the Contributions past due.

14.     As of the date of this Complaint, Rykor has failed to pay to the Health

Fund the full amount of contributions owed for the following months in 2013 and 2014:

|  |  |
|---|---|
| May 2013: | $36,010.24 |
| June 2013: | $28,107.78 |
| July 2013: | $18,292.46 |
| August 2013: | $20,444.64 |
| September 2013: | $17,218.75 |
| October 2013: | $14,613.21 |
| November 2013: | $20,400.13 |
| December 2013: | $15,972.19 |
| January 2014: | $13,780.23 |
| February 2014: | $11,100.28 |
| March 2014: | $5,231.96 |

Total = **$152,509.89** (after partial payment of the total amount)

15.     Rykor is required to pay to the Health Fund certain interest charges on

unpaid contributions under the terms of the Health Fund's Trust Agreement.  The interest accrued on the unpaid contributions to date is at least **$26,980.06**.  Rykor has failed to pay any accrued interest charges owed to the Health Fund.

16.     By failing to pay these contributions and interest charges, and to submit required contribution reports to the Health Fund when due, Rykor has violated the MOU, the terms of the Health Fund including its Trust Agreement, and ERISA Section 515.

17.     Rykor has a continuing obligation to contribute to the Health Fund, and submit contribution reports, for the term of the MOU.  Rykor will also continue to accrue interest charges while the contributions remain unpaid.

18.     When it fails to make contributions to the Health Fund for employees covered by the Collective Bargaining Agreements, Rykor is unjustly enriched at the expense of its employees and the Health Fund.

19.     The Health Fund made repeated attempts to persuade Rykor to satisfy its debt without need for litigation.  These efforts have been unsuccessful.

20.     Pursuant to the MOU, the Health Fund's Trust Agreement, and ERISA Sections 502(a)(3), 502(g)(2) and 515, 29 U.S.C. §§1132(a)(3), (g)(2), 1145, the Health Fund is entitled to recover from Rykor the delinquent contributions and contribution reports, interest on the delinquent contributions at the rate of one and one-half percent (1 ½%) per month, liquidated damages (equal to the greater of the interest payable or 20% of the contributions), attorneys' fees, auditing fees and all other costs of collection.

## SECOND CAUSE OF ACTION
### (Breach of Fiduciary Duty and Prohibited Transactions by Defendant John C. Kelly)

21.    Plaintiff incorporates and realleges herein each and every allegation of paragraphs 1 through 20 to the same effect as if restated here in full, and further alleges as follows.

22.    Rykor's employees, through their Union, collectively bargained to have Rykor pay a certain amount of contributions to the Health Fund in lieu of cash wages.

23.    The unpaid contributions and accrued interest charges owed to the Health Fund are assets of the Health Fund for purposes of ERISA.

24.     At all material times, Defendant John C. Kelly, as owner and President, has had discretionary authority and control over Rykor's payment or non-payment of the contributions and interest charges owed to the Health Fund.   As such, he is a fiduciary with respect to the Health Fund within the meaning of Section 3 (21) of ERISA (29 U.S.C. §§1002(21)), and a party in interest with respect to the Fund within the meaning of Sections 3 (14)(A), (C) and (E) of ERISA (29 U.S.C. §§1002 (14)(A), (C) and (E)).

25.    At all material times, Defendant John C. Kelly has had knowledge of Rykor's obligations to the Health Fund under the MOU; indeed, he signed the MOU on behalf of Rykor as its President.

26.    Defendant John C. Kelly has exercised his discretionary authority and control to withhold from the Health Fund the contributions and interest charges owed to it.  By doing so, he has deprived the Health Fund of its assets or the benefit of its assets and has deprived Rykor's employees of compensation and benefits to which they are entitled for their work.

27.    Defendant John C. Kelly has converted assets of the Health Fund to the

use and benefit of his company, Rykor, and thereby unjustly enriched and benefitted the company and himself as the owner.

28.    Defendant John C. Kelly's acts and omissions constitute violations of his fiduciary duties under ERISA Section 404(a)(1), 29 U.S.C. § 1104(a)(1), and prohibited transactions in violation of ERISA Sections 406(a) and 406(b), 29 U.S.C. §§1106(a),(b).

29.    Defendant John C. Kelly is personally liable to the Health Fund under ERISA Sections 409, 502(a)(2) and 502(a)(3), 29 U.S.C. §§ 1109, 1132(a)(2), (a)(3), for its losses including all unpaid contributions and accrued interest charges. Sections 3 (14)(A), (C) and (E) of ERISA (29 U.S.C. §§1002 (14)(A), (C) and (E)).

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands that judgment be entered for them and against Defendants Rykor and John C. Kelly, jointly and severally, as follows:

1.    Judgment in favor of the Laborers' National Health and Welfare Fund in the following amounts:

    (a)    Delinquent Contributions:  **$152,509.89**

    (b)    Interest Charges:  **$26,980.06**

    (c)    Additional Interest (in accordance with ERISA Section 502(g)(2)):  **$26,980.06**

2.    Judgment in favor of the Laborers' National Health and Welfare Fund for the attorney's fees that it incurs in bringing this action;

3.    An Order compelling Rykor and John C. Kelly to submit missing monthly contribution reports;

4.    An Order compelling Rykor and John C. Kelly to submit to the Laborers'

National Health and Welfare Fund all contributions, interest charges, and contribution reports when due for such periods as Rykor is contractually or legally obligated to contribute to the Health Fund;

5.    Judgment in favor of the Laborers' National Health and Welfare Fund for post-judgment interest and the costs of this action; and

6.    Such other and further relief as the Court deems just and proper.


Dated: November 19, 2014


Respectfully submitted,

/s/  James S. Ray

James S. Ray (DC Bar No. 26508)
Law Offices of James S. Ray
706 Duke Street
Alexandria, Virginia 22314
Tel.: 703-836-8111
Fax: 703-836-1888
E-Mail: jrayraylaw@aol.com

Counsel for Plaintiffs