UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA


ZENITH-AMERICAN SOLUTIONS, INC.
        Plaintiff,

                                                    Civil Action No. 14-1955 (BAH)
V.                                                  Judge Beryl A. Howell

RYKOR CONCRETE & CIVIL, INC.,
and JOHN C. KELLY,
        Defendants.


**ANSWER OF THE DEFENDANTS RYKOR CONCRETE & CIVIL, INC.
AND JOHN C. KELLY WITH AFFIRMATIVE DEFENSES AND JURY DEMAND**

Now come the Defendants Rykor Concrete & Civil, Inc. (hereinafter "Rykor") and John

C. Kelly (hereinafter "Kelly") and hereby Answer the Complaint as Follows:

1. Paragraph 1 of the Complaint does not contain any allegations of fact but rather is and
   introductory paragraph and therefore no reply is necessary.  To the extent the court
   deems an answer necessary, the defendants state that they have insufficient
   knowledge to form a belief as to the truth or veracity of the allegations contained in
   Paragraph 1.

2. Paragraph 2 of the Complaint does not contain any allegations of and therefore no
   reply is necessary.  To the extent the court deems an answer necessary, the defendants
   state that they have insufficient knowledge to form a belief as to the truth or veracity
   of the allegations contained in Paragraph 2.  The Defendants do not contest that
   Jurisdiction is proper.

3.  Paragraph 3 of the Complaint does not contain any allegations of fact and therefore no reply is necessary.  To the extent the court deems an answer necessary, the defendants state that they have insufficient knowledge to form a belief as to the truth or veracity of the allegations contained in Paragraph 3.  The Defendants do not contest that Venue is proper.

4.  Paragraph 4 of the Complaint does not contain any allegations of fact and therefore no reply is necessary.  To the extent the court deems an answer necessary, the defendants state that they have insufficient knowledge to form a belief as to the truth or veracity of the allegations contained in Paragraph 4.

### IDENTIFICATION OF THE PARTIES

5.  The Defendant lacks sufficient information or knowledge to form a belief as to truth and or veracity of the allegations contained in paragraph 5 of the Complaint and, therefore, neither admits nor denies the allegations contained therein and therefore calls upon the Plaintiff to prove the same at the trial of this matter.

6.  The Defendant lacks sufficient information or knowledge to form a belief as to truth and or veracity of the allegations contained in paragraph 6 of the Complaint and, therefore, neither admits nor denies the allegations contained therein and therefore calls upon the Plaintiff to prove the same at the trial of this matter.

7.  The Defendant Rykor admits that it is a Delaware corporation whose business includes building and construction services.  Defendant Rykor admits that its primary office is located at 6 Shire Drive, Norfolk, MA. 02056.  The defendants state that they have insufficient knowledge to form a belief as to the truth or veracity of the remaining allegations contained in Paragraph 7 and, therefore, neither admits nor

denies the allegations contained therein and therefore calls upon the Plaintiff to prove the same at the trial of this matter.

8.   Defendant Kelly admits that he is the President and sole Officer and Director of Rykor and that he owns 100 % of the stock of Rykor.  The defendants deny the remaining allegations contained in Paragraph 8.

### FIRST CAUSE OF ACTION
### (DELINQUENT HEALTH FUND CONTRIBUTIONS)

9.   Admitted.

10.   Admitted.

11.   The Defendant lacks sufficient information or knowledge to form a belief as to truth and or veracity of the allegations contained in paragraph 11 of the Complaint and, therefore, neither admits nor denies the allegations contained therein and therefore calls upon the Plaintiff to prove the same at the trial of this matter.

12.   The Defendant lacks sufficient information or knowledge to form a belief as to truth and or veracity of the allegations contained in paragraph 12 of the Complaint and, therefore, neither admits nor denies the allegations contained therein and therefore calls upon the Plaintiff to prove the same at the trial of this matter.

13.   The Defendant lacks sufficient information or knowledge to form a belief as to truth and or veracity of the allegations contained in paragraph 13 of the Complaint and, therefore, neither admits nor denies the allegations contained therein and therefore calls upon the Plaintiff to prove the same at the trial of this matter.  Furthermore the Defendants state that the document speaks for itself.

14.   The Defendant lacks sufficient information or knowledge to form a belief as to truth and or veracity of the allegations contained in paragraph 14 of the Complaint and,

therefore, neither admits nor denies the allegations contained therein and therefore calls upon the Plaintiff to prove the same at the trial of this matter.

15. The Defendant lacks sufficient information or knowledge to form a belief as to truth and or veracity of the allegations contained in paragraph 15 of the Complaint and, therefore, neither admits nor denies the allegations contained therein and therefore calls upon the Plaintiff to prove the same at the trial of this matter.

16. Denied.

17. Denied.

18. Denied.

19. The Defendant lacks sufficient information or knowledge to form a belief as to truth and or veracity of the allegations contained in paragraph 19 of the Complaint and, therefore, neither admits nor denies the allegations contained therein and therefore calls upon the Plaintiff to prove the same at the trial of this matter.

20. Denied.

*Wherefore* the Defendants pray that this Honorable Court dismiss the complaint, that judgment enter in favor of the Defendants, and for such further relief as the Court deems just and proper under the circumstances and the applicable law.

## Second Cause of Action
### (Breach of fiduciary duty and Prohibited Transactions by Defendant John C. Kelly)

21. Defendants repeat and reaver their Answers to Paragraphs 1-20 of the Complaint as if fully set forth herein.

22. The Defendant lacks sufficient information or knowledge to form a belief as to truth and or veracity of the allegations contained in paragraph 22 of the Complaint and,

therefore, neither admits nor denies the allegations contained therein and therefore calls upon the Plaintiff to prove the same at the trial of this matter.

23. Denied.

24. Denied.

25. The Defendant lacks sufficient information or knowledge to form a belief as to truth and or veracity of the allegations contained in paragraph 25 of the Complaint and, therefore, neither admits nor denies the allegations contained therein and therefore calls upon the Plaintiff to prove the same at the trial of this matter.

26. Denied.

27. Denied.

28. Denied.

29. Denied.

*Wherefore* the Defendants pray that this Honorable Court dismiss the complaint, that judgment enter in favor of the Defendants, and for such further relief as the Court deems just and proper under the circumstances and the applicable law.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief can be granted and should therefore be dismissed.

### SECOND AFFIRMATIVE DEFENSE

The Plaintiff has failed to fulfill all conditions precedent to the maintenance of this action.

## THIRD AFFIRMATIVE DEFENSE

Defendant answers that the Plaintiffs have failed to give all credits for payments.

## FOURTH AFFIRMATIVE DEFENSE

If Defendant ever owed Plaintiff anything, which is denied, Plaintiff has waived such payment.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff has failed to acknowledge the settlement agreement reached between Rykor and the Labors Trust Funds in litigation filed in the USDC for the District of Massachusetts.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiffs have failed to correctly and accurately respond to information furnished by Rykor and have failed to properly audit payroll records and properly account for other information furnished.

## SEVENTH AFFIRMATIVE DEFENSE

The Complaint should be dismissed for failure to comply with statutory and/or contractual conditions precedent necessary to maintain this action.

## EIGHT AFFIRMATIVE DEFENSE

If the Defendant ever owed Plaintiffs anything, which is denied, Plaintiffs have waived payment.

**WHEREFORE**, the Defendants demand that the Complaint be dismissed, that judgment enter in favor of the Defendants, and for such further relief as the Court deems just and proper under the circumstances and the applicable law.

## JURY DEMAND

The Defendant demands a trial by jury on all matters so triable.


The Defendants,
RYKOR CONCRETE & CIVIL, INC.
And John C. Kelly
By its attorneys,


Dated: February 2, 2015

__/s/ David T. Keenan_____
David T. Keenan, Esq., BBO# 567325
E-mail:  dkeenan@qsatlaw.com
Quinlan & Sadowski, P.C.
11 Vanderbilt Avenue, Suite 250
Norwood, MA 02062-5056
Phone:  781-440-9909
Fax:  781-440-9979


## CERTIFICATE OF SERVICE

I, David T. Keenan, hereby certify that the documents filed through the ECF System will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on February 2, 2015

/s/ *David T. Keenan*_____
David T. Keenan