**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **ZENITH-AMERICAN SOLUTIONS, INC.** ) | |
| ) | |
| **Plaintiff,** ) | |
| vs. ) | |
| ) | Civil Action No. 14-1955(BAH) |
| **RYKOR CONCRETE & CIVIL, INC.,** ) | |
| et al., ) | |
| ) | |
| **Defendants.** ) | |
| _____ ) | |

**JOINT REPORT ON CONFERENCE**
**UNDER LCvR 16.3**

Pursuant to LCvR 16.3 and F.R.Civ.Pro. Rule 26(f), counsel for the parties conferred by e-mail on February 20, 2015 and March 4, 2015 concerning the matters set forth in LCvR 16.3(a) and (c).  Counsel hereby submit their joint report of the Conference.

**I.     Statement of the Case**

**A.**     The action is brought pursuant to Sections 502(a), 502(g)(2) and 515 of the Employee Retirement Income Security Act (ERISA), 29 U.S.C. §§ 1132(a), 1132(g)(2), 1145, by the administrator of the Laborers' National Health and Welfare Fund ("Health Fund"), an ERISA-regulated employee benefit plan, to collect delinquent employer contributions owed to the plans by Rykor Concrete & Civil, Inc. ("Rykor") and its owner-president, John Kelly, for work performed by Rykor employees.  The Plaintiff is Zenith-American Solutions, Inc. in its capacity as the administrator of the Health Fund and the Defendants are Rykor and John Kelly.

Rykor had a contract with several affiliates of the Laborers' International Union of North America ("LIUNA"), to provide benefits to Rykor employees.  During the term of that contract, Rykor was party to a written Memorandum of Agreement ("MOU") with LIUNA which

represented Rykor employees at various covered jobsites. The MOU obligated Rykor to make contributions for the employees to the Health Fund to pay for the employee's health care. The contributions were to be made at the rate of $3.55 per hours for which the employees received pay. In addition, Rykor was obligated by the Health Fund's trust documents to pay interest at a certain rate (1.5% per month) for delinquent contribution payments.

The Defendants failed to pay the contributions owed to the Health Fund for the months of May 2013 through March 2014. The Plaintiff, on behalf of the Health Fund, seeks to collect the unpaid contributions, the unpaid accrued interest charges, and the remedies mandated by ERISA Section 502(g)(2) including double interest and attorneys fees. The total amount claimed is approximately $206,470.01

**B.** The Defendants dispute some of the facts set forth in Section (A) above and further state that they contest the amounts owed. The Defendants assert that to the extent the Defendants owed the Plaintiff any money, Plaintiff waived such payment. The Defendants also state that the Plaintiff has failed to acknowledge the settlement agreement reached between Rykor and the Laborers' Trust Funds in litigation filed in the United States District Court for the District of Massachusetts. Defendants further assert that the Plaintiff has failed to give credit for all of the Defendants payments to the Health Fund.

The defenses raised in the Answer are common law defenses and not related to any particular statute. The Defendant reserves the right to supplement the Defenses in this action.

**II.     LCvR 16.3(c) Topics**

The agreements among counsel with regard to each of the matters listed in LCvR 16.3(c) are as follows:

(1)     The case is likely to be disposed of by a motion for summary judgment.

(2)     The parties do not foresee a need for joinder of additional parties. There is agreement that the deadline for amending pleadings should be ten (10) days after the close of discovery.

(3)     The case should not be assigned to a magistrate judge.

(4)     At the present time the parties believe that the case may be settled.

(5)     It is too early to determine whether the parties would benefit from ADR. In the event the parties determine that the case could benefit from ADR, the parties believe that mediation is the form of ADR that would best suit the case.

(6)     It is likely that the case can be resolved by a motion for summary judgment. There is agreement that the deadline for filing a motion for summary judgment should be twenty-one (21) days after the close of discovery; the deadline for filing the opposition should be twenty-one (21) days after the filing of the motion; the deadline for any reply should be ten (10) days after the filing of the opposition; and the motion should be decided within thirty (30) days after the completion of briefing.

(7)     There is agreement to exchange Rule 26(a) initial disclosures by April 30, 2015.

(8)     There is agreement on a one hundred twenty (120) day discovery period commencing May 15, 2015 with all discovery including responses being completed within that period. All discovery is expected to be written (interrogatories, document requests, requests for admissions), but the parties reserve the right to use other discovery methods authorized by the rules.

(9)     The requirements for exchanging expert witness reports and information pursuant to FRCP Rule 26(a)(2) do not need to be modified. Any expert depositions will be taken within ten (10) court days after the rebuttal report deadline.

(10) Not applicable; this is not a class action.

(11) There is no need for a bifurcated trial.

(12) The pretrial conference should be set by the Court within thirty (30) days after the Court decides the motion(s) for summary judgment.

(13) The Court should set a firm trial date at the pretrial conference.

(14) The parties agree that a notice of electronic filing through the court's PACER system shall be sufficient for both service and delivery of the motion on the date filed.

(15) The parties have agreed to preserve all electronically-stored information that may be relevant to this matter and to produce it in PDF file format.  The file format will preserve the page breaks between documents that otherwise allow separate documents and their attachments to be identified.  A party may produce any document in its native file format, provided that the producing party ensures that all parties have access to the necessary programs for viewing such files.  Each party expressly reserves the right to object to specific and focused requests for metadata or native file formats for particular documents, over which the parties must meet and confer.

(16) There are no other matters that the parties believe are appropriate for inclusion in a scheduling order.


Dated: March 4, 2015

                    Respectfully submitted,

                    /s/ James S. Ray
                    James S. Ray, Esq.
                    (DC Bar No. 26508)
                    Law Offices of James S. Ray
                    706 Duke Street
                    Alexandria, Virginia 22314

        Tel.: 703-836-8111
        Fax: 703-836-1888
        E-Mail: jrayraylaw@aol.com

        **Counsel for Plaintiff**

        /s/ David T. Keenan\_\_\_
        David T. Keenan, Esq.
        Quinlan & Sadowski, P.C.
        Attorneys at Law
        11 Vanderbilt Ave.
        Suite 250
        Norwood, Massachusetts 02062
        Phone: 781-440-9909
        Fax: 781-440-9979
        E-Mail: dkeenan@qsatlaw.com

        **Counsel for Defendants**